# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Abstract of PENDING CASES

### No. 456

### DRABIK et v. BURZYCH

No. 19640. Supreme Court

On motion to certify. Dock. Feb. 24, 1926.

460. EQUITY—Can a court make an equitable accounting where there is no joint venture or fiduciary relation and the wrong sought to be redressed is a breach of contract capable of being compensated by a money judgment in a suit at law.

It appears that Katarzyna Burzych owned a certain piece of property in fee and had a vested dower interest in a parcel adjacent thereto; that she conveyed this property to Eva Drabik, her sister in consideration for Drabik's oral agreement to allow her to occupy the premises during her natural life and to provide the necessities of life until her death.

Subsequent to the conveyance Drabik brought an action for forcible entry and detainer, seeking to eject Mrs. Burzych from the premises. Suit was then filed in the Lucas Common Pleas in which the above statement of facts was set out and the following prayer pleaded: "Wherefore plaintiff prays that she may recover all her right, title and interest in and to the premises; that the said deed of conveyance to Eva Drabik may be adjudged fraudulent and void, and ordered to be delivered up, wholly vacated, set aside and cancelled, or that defendants, Eva Drabik and Valentine Drabik, may be required to reconvey to this plaintiff, and for such other and further relief as may be equitable and proper."

The Common Pleas decreed that Mrs. Burzych shall have the exclusive use and possession of the premises for the remainder of her natural life and that Mrs. Drabik shall pay her $35.00 per month until her death and further gave judgment for $1500.00, all of which, it was decreed, shall be a lien on said premises. The appeals affirmed the decree, except that the amount of the judgment was reduced from $1500.00 to $1000.00.

Drabik, in the Supreme Court, contends:

1. The Court of Appeals erred in entering judgment and decree for the payment of $1,000.00 as damages for breach of contract over the express objection of the plaintiffs-in-error.

2. The court erred in finding that the sum of $35.00 per month was the sum due the defendant-in-error from the plaintiffs-in-error under a continuing agreement for the support of the defendant-in-error and decreeing the same to be a lien upon the premises described in the petition and journal entry.

3. That the court erred in finding that as a part of the agreement between the parties the plaintiffs-in-error were to pay the expenses of the last illness and burial of the defendant-in-error and decreeing the payment of the same.

4. That the court in finding that the defendant-in-error was entitled to the exclusive use of the premises described in the petition and entering decree giving to the defendant-in-error the exclusive use of said premises during the term of her natural life and awarding judgment of possession.

5. That the court erred in finding that the plaintiffs-in-error should pay during the term of the natural life of the defendant-in-error all costs of the maintenance of the property decreed to be exclusively occupied by her, to-wit, the taxes, repairs and general upkeep and decreeing the payment of said items and the amount of the same to be a lien upon the premises described in the petition and journal entry.

6. That the court erred in hearing and considering any other issues in the case other than those of fraud in obtaining the contract and the consequent reconveyance of the property and rescission of the contract therefor.

7. That the court erred in assessing and entering judgment for costs of the action against the plaintiffs-in-error and in favor of the defendant-in-error.

8. That the finding and decree of the court is contrary to law and should have been for the plaintiffs-in-error and in no wise for the defendant-in-error.

9. That the finding and decree of the court is manifestly against the weight of the evidence and without any support in evidence or law.

Attorneys—E. M. Flowers and N. J. Walnski for Drabik; G. N. Fell for Burzych; all of Toledo.